UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,        Criminal Case No. 09-cr-20134-D1
vs.                                     Civil Case No. 10-cv-14726

                                              HONORABLE DENISE PAGE HOOD

REGINALD MCARTHUR,

    Defendant-Petitioner
_____/

## ORDER DENYING MOTION UNDER 28 U.S.C. § 2255
## AND ORDER DISMISSING CASE NO. 10-cv-14726

**I.   BACKGROUND**

On June 18, 2009, Reginald McArthur, "Petitioner," pled guilty to Counts 1 and 5 of the Superseding Indictment, Conspiracy to Possess with Intent to Distribute over 100 Kilograms of Marijuana (Count 1) and Possession of a firearm in Furtherance of a Drug Trafficking Crime (Count 5). On October 22, 2009 the Court sentenced Petitioner two 60 month sentences to run consecutively. On November 3, 2010, Petitioner filed the instant Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. The Government filed a response.

        Petitioner raises four grounds in his motion:

    Ground One: The Plea Agreement is unconstitutional because it lacks adequate consideration.
    Ground Two: The sentence constitutes an unwarranted disparity between similarly situated co-conspirators and co-defendants.
    Ground Three: Ineffective Assistance of Counsel (IAC) because counsel allowed petitioner to enter into a Plea Agreement without receiving any benefit in return; and,
    Ground Four: IAC because counsel failed to discuss or explain

defendant's waiver of his appellate rights.

[Doc. No. 60]

## II. SECTION 2255 MOTION

### A. Direct Appeal

A motion to vacate under § 2255 is not a substitute for a direct appeal. *United States v. Duhart*, 511 F.2d 7 (6th Cir. 1975); *DiPiazza v. United States*, 471 F.2d 719 (6th Cir. 1973). Absent manifest injustice or special circumstances such as a change in the law, §2255 motions will be dismissed summarily if they raise claims that were or might have been asserted on direct review. *DuPont v. United States,* 76 F.3d 108, 110-11 (6th Cir.1996); *Reed v. Farley*, 512 U.S. 229, 358 (1994); *Withrow v. Williams,* 507 U.S. 680, 721 (1993); *Davis v. United States*, 417 U.S. 333, 342 (1974); *Kaufman v. United States,* 394 U.S. 217, 227 n. 8 (1969).

Petitioner has not shown manifest injustice or special circumstances, such as a change in the law, giving this Court authority to review his sentence. It is noted that Petitioner entered a plea of guilty in this case and so waives all non-jurisdictional defense claims. *Tollett v. Henderson,* 411 U.S. 258, 266-67 (1973).

### B. Sentencing Disparity between Similarly Situated Co-Defendants

Petitioner claims that his sentence "constituted an unwarranted sentencing disparity between co-conspirators and co-defendants with similar records that were guilty of similar conduct in violation of USSG § 3553(a)(6)."

The Court has held that outside of extraordinary circumstances, claims of nonconstitutional error in sentencing cannot be raised in a § 2255 motion. "The mere fact that the plaintiff's sentence is greater than that of his co-defendant does not warrant relief under § 2255." *Kessel v. United States*, 785 F.2d 309, 1986 WL 16448, at *1 (6th Cir. Jan. 16, 1986).

"There is no violation of a constitutional right because the United States Constitution contains no strict proportionality guarantee… Furthermore, the mere disparity of a sentence even among co-defendants does not in and of itself suggest that one defendant has been arbitrarily singled out for a more severe punishment than that normally imposed upon similarly situated defendants." *Terry v. Tripplett*, 62 F.3d 1418, 1995 WL 469424 at 1 (6th Cir. Aug. 7, 1990).

Petitioner compares his sentence to two of his co-defendants, Ron Anthony Harper ("Harper") and DeShawn Lee Harrien ("Harrien"). Petitioner argues that both co-defendants "had records of felony arrests and/or convictions," and that Petitioner has no prior felony arrests or convictions and that neither of his co-defendants cooperated with the Government. [Doc. No. 60] Petitioner claims that both Harper and Harrien were found with 19 times the amount of drugs that was found on him. Petitioner argues that co-defendant Harper was found with three weapons, yet received no gun charge. Petitioner claims that Harper has five prior felony convictions and received a nearly 50% downward departure from the guideline sentence, resulting in a 144-month sentence instead of the 262 month guideline. Petitioner argues that co-defendant Harrien, who was also found with 19 times the quantity of drugs than Petitioner, only received a 60 month sentence. [Doc. No. 60].

The Government argues that Petitioner did not receive a downward departure of his sentence because he did not provide any substantial assistance to the Government. The Government goes on to assert that Petitioner was found to be more heavily involved in the marijuana trafficking organization than his co-defendant Harper, thereby explaining the purported sentencing disparity. However, because of his criminal history, co-defendant Harper actually received a *greater* sentence (144 months) than Petitioner. Co-defendant Harrien was found to have had a "very limited role" in the marijuana trafficking organization, receiving a

lesser sentence than Petitioner (60 months). [Doc. No. 65].

Petitioner has not shown that the sentence he received violated the Constitution and should be remedied on collateral review. Co-Defendant Harper received a longer sentence than Petitioner. Co-defendant Harrien received a lesser sentence because of his limited role in the organization. Petitioner's claim of a sentencing disparity between himself and his co-defendants does not warrant relief under a motion under §2255.

### C. Ineffective Assistance of Counsel Claim due to Inadequate Consideration for Plea Agreement and Failure to Explain or Discuss Waiver of Appellate Rights

In the present matter, Petitioner agreed to plead guilty to two counts of a five count indictment, in exchange for dismissal of the remaining three counts. Petitioner pled guilty to 21 U.S.C. § 846, one count of conspiracy to possess with intent to distribute controlled substances, 100 kg of marijuana, and 18 U.S.C. § 924(c), one count of possession of a firearm in furtherance of a drug trafficking crime.

Petitioner claims that his counsel was ineffective for two primary reasons. The first claim is that counsel allowed him to enter into a Plea Agreement without receiving adequate consideration or any other benefit. [Doc. No. 60]. Petitioner argues that the Government made "concessions that had no beneficial impact on his sentence," and his acceptance of these non-beneficial concessions was based on ineffective assistance by his counsel. Petitioner's second claim being made by Petitioner is that counsel "was ineffective because she failed to explain or discuss to the point of his understanding that he was waiving his appellate rights." [Doc. No. 60]. Petitioner claims that "but for counsel's unprofessional errors, he would not have pleaded guilty and would have insisted upon going to trial" [Doc. No. 60].

In order for there to be a finding of ineffective assistance of counsel in the context of a

guilty plea, a two-prong test must be satisfied: "defendant must demonstrate that (1) his attorney's performance was outside the range of competence demanded of attorneys in the criminal context, *and* (2) the professionally unreasonable performance prejudiced him." *Hunter v. United States,* 160 F.3d 1109, 1115 (6th Cir. 1998).

Petitioner claims that counsel was ineffective because she allowed him to enter into a Plea Agreement with inadequate consideration. [Doc. No. 60]. In exchange for a Rule 11 Plea Agreement Petitioner was offered dismissal of three of the five initial charges, in addition to a reduction in the sentencing guidelines range for acceptance of responsibility under U.SS.G § 2E1.1. [Doc. No. 65]. Such concessions have been found to be adequate consideration for a guilty plea.

The Sixth Circuit has held that a reduction of the number of charges facing a defendant is adequate consideration and is considered a "meaningful concession" in exchange for a guilty plea. *U.S. v. Henderson*, 135 Fed. Appx. 858, 2005 WL 1432847, at 3 (6th Cir. June 17, 2005). Similarly in this district, a court held that "because petitioner was promised the dismissal of charges which therefore amounted to a real, tangible benefit from his plea bargain," the promises were not illusory and Petitioner was not entitled to habeas relief. *Leigh v. Beauman*, No. 09-13642, 2011 WL 227581, at 6 (E.D. Mich. Jan 21, 2011). In the present matter, Petitioner was given adequate consideration of dismissing three counts in exchange for his guilty plea. Petitioner cannot establish that he is entitled to relief based on his claim of ineffective assistance of counsel.

In addition, Petitioner's Plea Agreement included a recommendation by the Government of an additional one level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1. [Doc. No. 65]  As a result of this additional one level reduction, Petitioner's guidelines range

was reduced from 60-63 months to just 60 months. [Doc. No. 65] This reduction in sentence recommendation also constitutes adequate consideration. A defendant can only receive such a reduction by some concession by the Government. *U.S. v. Hunter*, 316 Fed. Appx. 470, 2009 WL 650242 at 2 (6th Cir. Mar, 16, 2009). Petitioner received adequate consideration for his Rule 11 Plea Agreement.

Petitioner claims that counsel failed to explain or discuss his waiver of appellate rights in accordance with the Rule 11 Plea Agreement resulting in ineffective assistance of counsel. In order for a finding of ineffective assistance of counsel to be made, it must be shown that counsel failed to consult with Petitioner about appeals. Counsel must have had reason to think "either (1) that a rational defendant would want to appeal…, or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Wright v. U.S.,* 320 Fed.Appx. 421, 425 (6th Cir. April 8, 2009).

Petitioner agreed to enter into a Rule 11 Plea Agreement under which his right to appeal was waived. Petitioner was informed multiple times that he was waiving this right by counsel and on the record. The Rule 11 Plea Agreement itself stated explicitly that Petitioner was waiving his right: "Defendant is pleading guilty voluntarily and agrees to give up all appeal rights he may have regarding both his conviction and sentence in exchange for the other terms of this Agreement." [Doc. No. 65]. Petitioner has not shown that he informed his counsel any interest in pursuing an appeal. *Id.* Petitioner was advised during his plea hearing that he was waiving his right to appeal his conviction and sentence. [Doc. No. 65]. Petitioner has not demonstrated that his counsel was ineffective on the waiver of appellate right issue.

### III.   CERTIFICATE OF APPEALABILITY

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a

certificate of appealability is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2255 Proceedings, which was amended as of December 1, 2009, requires that a district court must issue or deny a certificate of appealability when it enters a final order. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealibility*, 196 F.3d 1306, 1307 (6th Cir. 1997).

For the reasons set forth above, the Court finds that Petitioner has not shown that his sentence violated his constitutional rights. The Court will not issue a certificate of appealability in this case.

**IV. CONCLUSION**

For the reasons set forth above,

IT IS ORDERED that the Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C.§ 2255 [Case No. 09-20134, Doc. No. 60, filed November 3, 2010] is DENIED.

IT IS FURTHER ORDERED that a certificate of appealability is not issued in this case.

IT IS FURTHER ORDERED that Case No. 10-14726 is DISMISSED with prejudice.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: May 31, 2011

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 31, 2011, by electronic and/or ordinary mail.

Reginald McArthur (Prisoner No. 43328-039)
Federal Correctional Institution
Box 100
Morgantown, WV 26507

                         S/Johnetta M. Curry-Williams
                         For LaShawn R. Saulsberry
                         Case Manager